**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 08-256 DOC (RNBx)                          Date: June 24, 2008

Title: GUY HARTNETT v. WESTERN RECREATIONAL VEHICLES, INC. and WILDERNESS WESTERN HOLDINGS, INC.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                       Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                   Not Present
Courtroom Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                             NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANT; and ORDERING DEFENDANT TO SHOW CAUSE

      Before the Court is Defendant Western Recreational Vehicles, Inc. dba Western Recreational Vehicles Delaware, Inc.'s ("WRV") counsel's Motion to Withdraw as Attorney of Record ("Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the hearing set for June 30, 2008 is removed from the Court's calendar.

      In the action, Plaintiff sues Defendants for allegedly manufacturing, distributing, or selling a defective recreational vehicle ("RV"). WRV's counsel of record, the law firm of Gates, O'Doherty, Gonter, and Guy, LLP ("GOGG"), seeks an order permitting GOGG to withdraw as counsel of record for WRV. WRV has agreed to permit GOGG to withdraw as its counsel of record in this case. WRV's representatives have advised GOGG that they will not oppose GOGG's withdrawal as counsel of record, and WRV has expressed no opposition to the Court. In addition, Plaintiff does not

oppose this Motion.

In support of the Motion, GOGG explains that "GOGG has encountered differences with WRV that make it impossible for GOGG to continue its representation of WRV." Furthermore, GOGG explains that it "cannot describe the reasons for this motion without divulging attorney-client privileged information." WRV answered the Complaint on April 14, 2008. No discovery has yet taken place in the action, and there is none pending. The Scheduling Conference is calendared for July 21, 2008.

Under the California Rules of Professional Conduct, a member of the bar may request permission to withdraw as counsel if "[t]he client knowingly and freely assents to termination of the employment." Rule 3-700(C)(5). Here, the client has knowingly and freely assented to termination of the employment. In addition, little prejudice will ensue because this case is in its early stages and WRV will have sufficient time to retain new counsel to defend it in the action. Furthermore, GOGG has given clear notice to WRV that it should immediately seek legal advice regarding legal representation. Accordingly, withdrawal is appropriate in these circumstances. The Court hereby GRANTS the Motion.

However, the Court also notes that this withdrawal leaves the case in a precarious position. Corporations, unincorporated associations, and partnerships may not appear in any actions *pro se*. *See* Local Rule 83-2.10.1. Such entities must be represented by counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716 (1993). Thus, WRV may not proceed until it obtains counsel.

WRV is hereby ORDERED to submit a substitution of counsel no later than July 18, 2008. In the alternative, if WRV fails to submit a substitution by July 18, 2008, it is hereby ORDERED to appear on July 21, 2008, either through counsel or an officer, director, or employee, to show cause why it has failed to obtain counsel.

Finally, GOGG is ORDERED, upon notification that new counsel has been retained, to transfer any remaining documents, relevant to WRV, that are in its possession to WRV or said counsel.

The Clerk shall serve this minute order on all parties to the action.