O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 08-00256 DOC (RNBx)                          Date: October 16, 2008

Title: HARTNETT V. WESTERN RECREATIONAL VEHICLES, INC. ET AL

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                    Date:_____  Deputy Clerk: _____

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                       Not Present
    Courtroom Clerk                                      Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

        NONE PRESENT                                  NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MOTION FOR AN ORDER HOLDING
                          DEFENDANT, ITS OFFICERS, AND OWNER IN CONTEMPT
                          AND FOR SANCTIONS

        Before the Court is Plaintiff Guy Hartnett's ("Plaintiff") Motion for an Order Holding Defendant Western Recreational Vehicles, Inc. ("WRV"), its Officers, and Owner in Contempt and for Sanctions (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

## I. BACKGROUND

        In this case, Plaintiff sued WRV for allegedly manufacturing, distributing, or selling a defective recreational vehicle ("RV").  On May 29, 2008, WRV's counsel of record, the law firm of Gates, O'Doherty, Gonter, and Guy, LLP ("GOGG"), sought an order permitting GOGG to withdraw as counsel of record for WRV.  WRV agreed to permit GOGG to withdraw as its counsel of record and

Plaintiff did not oppose the withdrawal.  Under the California Rules of Professional Conduct, a member of the bar may request permission to withdraw as counsel if "[t]he client knowingly and freely assents to termination of the employment." Rule 3-700(C)(5).  In granting GOGG's motion to withdraw as counsel of record on June 24, 2008, this Court noted that the client had knowingly and freely assented to termination of the employment, but also that corporations, unincorporated associations, and partnerships may not appear in any actions pro se. *See* Local Rule 83-2.10.1. Therefore, WRV was ordered to either retain new counsel no later than July 18, 2008, or to appear and show cause why sanctions should not be issued on July 21, 2008.  To date, WRV has neither retained new counsel nor appeared at the July 21, 2008 hearing.

## II. LEGAL STANDARD

The Court has the authority to impose sanctions for willful disobedience of a Court order. *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991).  When a party fails to retain new counsel as ordered by the Court, the Court can sanction the party by entering its default.  *Malone v. United States Postal Service*, 833 F.2d 128, 132, fn. 1 (9th Cir. 1987).  Sanctions may be imposed both against the party and against the persons who control the litigation and are responsible for the improper conduct. *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992).

## III. DISCUSSION

WRV clearly violated a Court order in failing to retain new counsel and in failing to appear at the July 21, 2008 hearing.  Plaintiff avers that WRV's President, Stephen Presser, its Vice Presidents, Richard Fish and Phillip Von Burg, and WRV's owner, Monomoy Capital Partners, L.P., control Defendant WRV and are responsible for its violation of the Court's June 24, 2008 order.

Defendant's Opposition to this Motion, if any, was due on October 14, 2008.  At present, Defendants have not filed an opposition.  Accordingly, pursuant to Local Rule 7-12, the Motion for an Order Holding Defendant, its Officers, and Owner in Contempt and for Sanctions is hereby GRANTED AS UNOPPOSED.   More specifically, the Court holds WRV, its principal officers, and its corporate owner Monomoy Capital Partners, LP in contempt, strikes WRV's answer and enters its default.

## IV. OUTCOME

For the foregoing reasons, Plaintiff's motion is GRANTED.  The Clerk shall serve this minute order on all parties to the action.